UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADALBERTO MARTINEZ-RAMIREZ,

Petitioner,

v.

SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO,

Respondent.

Case No.: 1:26-cv-06325-EGC (HC)

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

Deadline: Respond Within 30 Days

Petitioner Aldalberto Martinez-Ramirez is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I. BACKGROUND**

Petitioner is currently confined at the Federal Correctional Institution in Thomson, Illinois. (Doc. 1 at 2.) He is presently serving a sentence of 27 years, with a projected release date of April 1, 2040, following convictions "for his role in a conspiracy to distribute controlled substances in Omaha, Nebraska in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(A); and 846." (*Id.*)

In the instant federal habeas petition, Petitioner asserts that in June 2010 he was charged with three misdemeanor California Vehicle Code violations relating to driving under the influence and driving a motor vehicle without a valid driver's license in Fresno County Superior Court. (*Id*. at 1.) When Petitioner failed to appear on September 13, 2010, a warrant was issued for his arrest; that warrant remains pending. (*Id*. at 1-2.) Further, Petitioner alleges this Court has jurisdiction over his petition pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410

U.S. 484, 495 (1973) and asserts *Carden v. Montana*, 626 F.2d 82 (9th Cir. 1980) does not apply to bar his claim here because he is not asking this Court to dismiss the state charges for violating his "speedy trial rights. Instead, Ramirez is asking the Court to issue a writ directing the State to either promptly prosecute the case or dismiss it for want of prosecution." (*Id*. at 3-4.) Petitioner asserts the state court misdemeanor charges have been pending for more than 16 years and that as a result of those pending charges the Bureau of Prisons (BOP) will not allow him to participate in its "Residential Drug Abuse Program (RDAP) as recommended by the federal court" and that his custody classification has been "artificially inflated" as a result. (*Id*. at 5.) Petitioner seeks a writ from this Court directing the Fresno County Superior Court "to enter an order requiring the State to either prosecute case number M10920001 or to dismiss the case and recall the warrant or to grant any other such relief the Court deems just and proper under the circumstances." (*Id*. at 6.)

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### Exhaustion

It appears Petitioner has failed to exhaust the claim raised in the instant petition. "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The "comity considerations are not limited to challenges to the validity of state court convictions," but also include "attack[s] . . . on the failure of state

[1] The Rules Governing Section 2254 Cases also apply to § 2241 habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254).

prosecutorial authorities to afford [petitioners] a speedy trial." *Id.* (citing *Braden*, 410 U.S. 484). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Here, Petitioner has clearly sought relief from the Fresno County Superior Court. (*See* Doc. 1 at 2-3 & 7-17 (Exhibits].) However, if Petitioner has not sought relief in the California Supreme Court, the Court will not proceed to the merits of his claims as a prudential matter. The petition lacks any indication that Petitioner sought review in the California Court of Appeal for the Fifth Appellate District or in the California Supreme Court.[2] Thus, Petitioner must inform the Court whether his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** Petitioner to show cause **within thirty (30) days** from the date of service of this order why the petition should not be dismissed for a failure to exhaust state judicial remedies.

**A failure to respond to this Order to Show Cause (OSC) will result in a recommendation for dismissal of the petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for a failure to comply with orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Erin Say Castillo
UNITED STATES MAGISTRATE JUDGE

[2] A review of California's Appellate Courts Case Information tool (https://appellatecases.courtinfo.ca.gov/) revealed no results following a search using Petitioner's full name.